1          UNITED STATES DISTRICT COURT
2            DISTRICT OF PUERTO RICO

3   AITZA FIGUEROA TELEMACO,
4
5        Plaintiff,                      Civil No. 05-1205 (JAF)

6        v.

7   MOBILE PAINTS MANUFACTURING CO.,
8   INC., et al.,

9        Defendants.

10                      **<u>OPINION AND ORDER</u>**

11       Before the court is Plaintiff's motion for reconsideration under

12   Rule 60(b) of the Federal Rules of Civil Procedure, filed on June 12,

13   2006.  <u>Docket Document No. 32</u>; FED. R. CIV. P. 60 (1992 & Supp. 2005).

14   In it, Plaintiff urges us to revisit our March 15, 2006, Opinion and

15   Order granting Defendants' motion for summary judgment and dismissing

16   her complaint.  <u>Docket Document Nos. 30, 32</u>. Defendants opposed

17   Plaintiff's motion on June 26, 2006.  <u>Docket Document No. 33</u>.

18       We begin by examining Plaintiff's choice to file her motion for

19   reconsideration under Rule 60(b), and not the much more commonly-

20   invoked Rule 59(e), of the Federal Rules of Civil Procedure. <u>Docket

21   Document No. 32</u>.  Given that Plaintiff's motion was filed on June 12,

22   2006, almost three months after we issued the March 15, 2006, Opinion

23   and Order it seeks to alter, it would have been subject to summary

24   dismissal had it been made under Rule 59(e), which requires that

Civil No. 05-1205 (JAF)                                                    -2-

1    "[a]ny motion to alter or amend a judgment [be] filed no later than

2    10 days after entry of the judgment." FED. R. CIV. P. 59 (1992 & Supp.

3    2005).

4         Rule 60(b) motions, on the other hand, are not subject to this

5    stringent ten-day time limit and need only be made "within a

6    reasonable time;" it is no wonder, then, that Plaintiff's counsel,

7    filing so late, would invoke Rule 60(b) and not Rule 59(e).  FED. R.

8    CIV. P. 60.   Rule 60(b) does not exist, however, to provide an easy

9    Plan B approach for lawyers who did not pay attention to Rule 59(e)

10   reconsideration motion deadlines.

11        Rule 60(b) provides relief from a final judgment, order, or

12   proceeding for, inter alia, "mistake, inadvertence, surprise or

13   excusable neglect" and can only be invoked in "special situations

14   justifying extraordinary relief."  Id; Silk v. Sandoval, 435 F.2d

15   1266 (1st Cir. 1971).  Plaintiff's disagreement with the court's

16   legal conclusions regarding this case was apparent to her on the very

17   day we issued our March 15, 2006, Opinion and Order and, therefore,

18   does not constitute a "special situation" status justifying the

19   "extraordinary relief" afforded by Rule 60(b). Hoult v. Hoult, 57

20   F.3d 1, 5 (1st Cir. 1995)("The gravamen of defendant's argument is

21   that the district court wrongly decided a point of law.  This is not

22   grounds for relief under Rule 60(b)."); Elias v. Ford Motor Co., 734

23   F.2d 463, 467 (1st Cir. 1984)(observing the First Circuit's

24   longstanding position that "mistake, inadvertence, surprise, or

1    excusable neglect" does not include alleged errors of law); <u>Silk</u>, 435

2    F.2d at 1267-68 (ruling that a construction of "mistake" under Rule

3    60(b) that is coextensive with that under Rule 59(e) undermines the

4    interest in speedy disposition and finality that Rule 59(e)

5    reflects).

6        Because Plaintiff's motion must, therefore, be construed as

7    coming under Rule 59(e), and not Rule 60(b), it is plainly untimely

8    and is summarily dismissed. <u>See</u> <u>Elias</u>, 734 F.2d at 466 (1st Cir.

9    1984)("[The] strict ten-day limitation [of Rule 59(e)] cannot be

10   extended."); <u>Alvarado Aviles v. Burgos</u>, 601 F. Supp. 29, 32 (D.P.R.

11   1984). Even if Plaintiff's Rule 59(e) motion had been timely filed,

12   however, we would still conclude that our March 15, 2006, Opinion and

13   Order is correct and that Plaintiff is not entitled to the relief she

14   requests.

15       A complete factual summary for this pregnancy discrimination

16   case can be found in our March 15, 2006, Opinion and Order. <u>Docket</u>

17   <u>Document No. 30</u>. In that Opinion and Order, which was written after

18   discovery in this case had concluded, we analyzed Defendants' motion

19   for summary judgment using the <u>McDonnell Douglas</u> burden-shifting

20   framework. <u>Id.</u> (citing <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S.

21   792 (1973)). In order to defeat Defendants' summary judgment motion

22   under <u>McDonnell Douglas</u>, Plaintiff had to first establish a prima-

23   facie case of unlawful pregnancy discrimination, which she did; then,

24   a burden of production shifted to Defendants to articulate some

Civil No. 05-1205 (JAF)                                          -4-

1    legitimate, non-discriminatory reason for the adverse employment

2    action, which they did; and finally, a burden of persuasion shifted

3    back to Plaintiff to produce evidence showing that discriminatory

4    animus, and not Defendants' espoused non-discriminatory excuse,

5    motivated the adverse employment action against her, which she did

6    not.  Id.  Because she did not, we granted summary judgment in

7    Defendants' favor as the law required us to do.  Id.

8         Plaintiff now argues that our disposition of the case was

9    incorrect because Defendants never submitted: (1) sufficient economic

10   data to substantiate their claim that they fired Plaintiff for

11   economic reasons; or (2) evidence to show what other cost-cutting

12   measures they took, besides her termination, in order to alleviate

13   their economic strife. Docket Document No. 32. Without such evidence,

14   Plaintiff argues that this court cannot possibly say, as a matter of

15   law, that Defendants' reason for her dismissal was not attributable

16   to pregnancy discrimination.  Id.

17        Plaintiff misunderstands what her legal burden was in all of

18   this.  As we briefly sketched out two paragraphs ago, and explained

19   in what we thought was extremely clear detail in our March 15, 2006,

20   Opinion and Order, all Defendants were obligated to do under the

21   McDonnell Douglas burden-shifting framework on summary judgment was

22   articulate some legitimate, non-discriminatory reason for why

23   Plaintiff was terminated.  Docket Document No. 30.  Defendants

24   satisfied this burden of production by explaining that economic woes

Civil No. 05-1205 (JAF)                                                    -5-

1    and an attempt to downsize were the legitimate, non-discriminatory

2    reason behind Plaintiff's termination.  Id.   After that, the ball

3    was in Plaintiff's court to save her lawsuit from dismissal by

4    pointing to evidence showing that Defendants' economic excuse was

5    pretextual and that they instead discriminated against her because of

6    her pregnancy.  McDonnell Douglas, 411 U.S. at 804.  Plaintiff did

7    not do this: In an attempt to meet her burden of persuasion,

8    Plaintiff presented the court with three pieces of evidence, each of

9    which we found utterly unconvincing.  Docket Document No. 30.  We

10   need not re-review our thoughts on Plaintiff's evidence here for they

11   are quite fully and clearly discussed in our March 15, 2006, Opinion

12   and Order. Id.

13       For the reasons stated herein, we **DENY** Plaintiff's motion to

14   reconsider.  Docket Document No. 32.

15       **IT IS SO ORDERED.**

16       San Juan, Puerto Rico, this 19th day of July, 2006.

17                              s/José Antonio Fusté
18                              JOSE ANTONIO FUSTE
19                              Chief U. S. District Judge